**CARTER STEEL & FABRICATING COMPANY, Appellee,**

v.

**DANIS BUILDING CONSTRUCTION COMPANY et al., Appellants.**

[Cite as *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.* (1998), 126 Ohio App.3d 251.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–97–26.

Decided Feb. 12, 1998.

252

*McFadden, Winner & Savage* and *James S. Savage*, for appellee.

*Kegler, Brown, Hill & Ritter, Donald W. Gregory* and *Christopher J. Weber*, for appellants.

HADLEY, Judge.

Defendants-appellants, Danis Building Construction Company ("Danis") and the University of Dayton, appeal the judgment of the Logan County Common Pleas Court denying Danis's motion to dismiss and/or stay the proceedings pending arbitration. For the reasons that follow, we affirm the judgment of the trial court.

In June 1995, Danis and plaintiff-appellee, Carter Steel & Fabricating Company ("Carter"), entered into a contract whereby Carter agreed to supply and install steel for the construction of the Joseph E. Keller Hall School of Law on the University of Dayton campus. Danis was the general contractor for the project, and Carter was one of the subcontractors. As part of the agreement, the parties entered into an arbitration agreement.

Carter performed under the contract. The University of Dayton paid Danis for the steel. Danis, however, refuses to pay Carter $116,057 owed under the base contract.[1] Carter contends that Danis refuses to pay the remaining base contract. Carter contends that Danis refuses to pay the remaining $116,057 because Danis is using that amount as a setoff allegedly owed by Carter to Kenhill Construction Company ("Kenhill").[2] Kenhill is a subsidiary of Danis.

On June 9, 1997 Carter filed a complaint against Danis in the Logan County Common Pleas Court for breach of contract and for damages under R.C. 4113.61, Ohio's Prompt Payment Act.[3] Danis filed a motion to dismiss the action, or, in the alternative, to stay the proceedings pending arbitration. Carter filed a motion for partial summary judgment seeking judgment for $116,057. The trial court denied Danis's motion to dismiss and/or to stay the proceedings. This appeal follows with Danis asserting one assignment of error:

"The trial court erred in denying appellants' motion to dismiss and/or stay pending arbitration."

Danis contends that the contract between the parties contains a mandatory arbitration provision to resolve any disputes involving damages claimed by the subcontractor (Carter) against the general contractor (Danis). Carter does not dispute the existence of the arbitration provision. Rather, Carter contends that a claim for payment under the base contract is not a matter referable to arbitration under the agreement.

The contract the parties entered into in June 1995 contained a section entitled "Disputes and Settlement." The section of the agreement in dispute provides the following:

---

1. Danis paid Carter a total of $274,193 for work performed by Carter under the contract.

2. The setoff provision of the contract (Section 17.6) between Danis and Carter provides:

   "Danis shall be entitled to deduct as a set-off to any money due Subcontractor any amount which Subcontractor or any of its affiliates * * * *owes Danis arising out of this Project, other projects, or otherwise.* * * * " (Emphasis added.)

3. Carter also named the University of Dayton in the complaint and levied a mechanic's lien on the job site.

"30.4 *If any claim, dispute or other matter in question arises between Danis and Subcontractor with respect to interpretations of this Agreement,* extra work or other charges in Subcontractor's Work ordered by Danis, or other disputes involving delays or damages claimed by Danis against Subcontractor or by Subcontractor against Danis, and if any such claim, dispute or other matter (i) is not [a covered dispute under] the provisions of Section 30.1 and (ii) is not resolved [within a reasonable time after a settlement meeting], but in no event later than the date of final payment, *either party may file a demand for arbitration.*" (Emphasis added.)

The trial court found that the arbitration provision was limited in scope, and "was not intended to be used to compel payment of money due under the base contract."

■■■ " 'It is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts. * * *' *Campbell v. Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329, 55 O.O. 195, 198, 123 N.E.2d 401, 405, certiorari denied (1955), 349 U.S. 929, 75 S.Ct. 771, 99 L.Ed. 1260. 'Arbitration is favored because its purpose is to "avoid needless and expensive litigation." ' *Fairfield Eng. Co. v. Anchor Hocking Corp.* (Apr. 10, 1986), Marion App. No. 9–84–37, unreported, 1986 WL 4367, quoting *Springfield v. Walker* (1885), 42 Ohio St. 543, 546, 1885 WL 49." *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 412, 701 N.E.2d 1040, 1044. In its attempt to encourage arbitration the General Assembly provided in R.C. 2711.02:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, *upon being satisfied that the issue involved in the action is referable to arbitration* under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *." (Emphasis added.)

However, this presumption for arbitration is not absolute. *Stillings v. Franklin Twp. Bd. of Trustees* (1994), 97 Ohio App.3d 504, 508, 646 N.E.2d 1184, 1186–1187.

We must determine whether the trial court properly held that the issue in this action (complete payment under the base contract) was not referable to arbitration under the agreement between Danis and Carter.

■■■ The standard of review for this case is the "abuse of discretion" standard. *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 701 N.E.2d 1040; see, also, *Bedford City School Dist. v. Trane Co.* (Mar. 20, 1997), Cuyahoga App. No. 71024, unreported, 1997 WL 127194; *Phillips v. Lee Homes,*

*Inc.* (Feb. 17, 1994), Cuyahoga App. No. 64353, unreported, 1994 WL 50696. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

The trial court in the present case relied on the decision of *Gillen Concrete & Excavating, Inc. v. Fortney & Weygandt, Inc.* (July 16, 1997), Lorain App. No. 96CA006525, unreported, 1997 WL 430863, to hold that the issue involved in this action was not referable to arbitration. We find the *Gillen* court's decision persuasive. In a situation similar to the present case, Gillen Concrete, a subcontractor, filed a complaint in common pleas court seeking performance from the general contractor's unambiguous promise to pay sums of money for work performed. The general contractor sought a stay from the court and requested the court refer the matter to arbitration. The parties' contracts provided, in essence, that arbitration would be utilized to resolve adjustments or interpretations of the contracts. The trial court, as well as the appellate court, found that Gillen Concrete's complaint seeking the unambiguous promise to pay sums of money did not fall within the scope of the contractual arbitration clause.

Upon review of the arbitration provision in the contract in the present case, we initially note that Section 30.4 is not a mandatory arbitration provision. Specifically, the provision states that "[i]f any claim, dispute or other matter in question arises between Danis and Subcontractor with respect to interpretations of this Agreement * * * either party may file a demand for arbitration." Therefore, Carter was under no obligation to submit this issue to arbitration.

Nevertheless, Danis retained the right to submit an issue to arbitration if the issue required an interpretation of the agreement between Danis and Carter. However, the unambiguous promise to pay sums of money owed to Carter does not require an interpretation of the agreement. The parties do not dispute that Carter performed under the contract or that the $116,057 is owed. Rather, Danis wants to utilize the sum owed as a setoff for amounts owed by Carter to another company. As the trial court found, Danis's failure to pay does not require an interpretation of the agreement through arbitration.

Therefore, we affirm the judgment of the Logan County Common Pleas Court denying Danis's motion to dismiss and/or stay the proceedings pending arbitration.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.