This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendants-Appellants Dale A. Mitchell, A.I.A. and RAM Architects, Inc. have appealed from an order of the Summit County Court of Common Pleas that denied their motion to stay proceedings in the trial court pending arbitration. This Court affirms.
 I
{¶ 2} In November 2001, Plaintiffs-Appellees James and Gail Giltner and the Gail T. Giltner living trust filed a complaint against Appellants. Through their complaint, Appellees alleged that Appellants breached and otherwise failed to perform according to the terms of an oral agreement to perform construction services at Appellees' residence.[1] Appellants filed an answer to the complaint, in which they raised the affirmative defense of lack of jurisdiction based upon a "mandatory and binding arbitration procedure agreed to by Plaintiff and contained within the written contract between Plaintiff and Defendants." Appellants thereafter filed a motion to stay the proceedings in the trial court and refer the claims raised in Appellees' complaint to arbitration. Appellees responded by filing a memorandum opposing the motion for a stay, along with a supporting affidavit.
{¶ 3} The trial court subsequently entered an order denying Appellants' motion, concluding that Appellants failed to satisfy the statutory requirement of demonstrating the existence of a binding, written agreement between the parties. Appellants have timely appealed from this order, asserting two assignments of error which we have consolidated to facilitate review.
 II Assignment of Error Number One {¶ 4} "THE TRIAL COURT ERRED IN FAILING TO GIVE EFFECT TO THE BINDING ARBITRATION CLAUSE IN THE WRITTEN AGREEMENT BETWEEN THE PARTIES. ARBITRATION CLAUSES WITHIN WRITTEN CONTRACTS ARE VALID AND ENFORCEABLE, AND IN FACT FAVORED UNDER THE LAW, AND MUST BE ENFORCED BY THE TRIAL COURT PURSUANT TO [R.C. 2711.02]. TO THE EXTENT THE TRIAL COURT FOUND THAT APPELLANTS AND APPELLEES DISPUTE THE EXISTENCE OF A WRITTEN AGREEMENT THE TRIAL COURT MUST ALLOW DISCOVERY AND PRESENTATION OF EVIDENCE BY THE PARTY CONTENDING THE EXISTENCE OF A WRITTEN AGREEMENT."
 Assignment of Error Number Two {¶ 5} "THE TRIAL COURT WAS PRESENTED SUFFICIENT EVIDENCE OF THE EXISTENCE OF A WRITTEN AGREEMENT WITH A BINDING ARBITRATION CLAUSE TO BE SATISFIED AS TO THE EXISTENCE OF SUCH AN ARBITRATION CLAUSE AND ERRED IN DENYING APPELLANTS' MOTION TO STAY."
{¶ 6} In both assignments of error, Appellants have argued that the trial court erred by failing to give effect to the written arbitration provisions that Appellants submitted to the court. Appellants have further contended that the trial court erred by denying Appellants' motion without allowing discovery and conducting an evidentiary hearing to resolve the parties' dispute as to the existence of a written agreement.
{¶ 7} R.C. 2711.01(A) governs the validity of arbitration provisions in contracts generally:
 {¶ 8} "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
{¶ 9} R.C. 2711.02(B) provides for stays of trial court proceedings pending referral to arbitration:
 {¶ 10} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
{¶ 11} An appellate court reviews a trial court's decision on a motion to stay proceedings pending arbitration under an abuse of discretion standard. Carter Steel Fabricating Co. v. Danis Bldg.Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410, appeal not allowed (1997),80 Ohio St.3d 1477. An abuse of discretion suggests more than a mere error of law or of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Id.
{¶ 12} In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426, at 4-5, appeal not allowed (2000),89 Ohio St.3d 1470, this Court noted that the law of Ohio favors arbitration as an alternative method of dispute resolution. However, "arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate a dispute which he has not agreed to submit [to arbitration]." Teramar Corp. v. RodierCorp. (1987), 40 Ohio App.3d 39, 40.
{¶ 13} In the court below, both parties contested the issue of whether the parties were bound by a written agreement. Appellees' complaint and subsequent pleadings alleged only the existence of an oral contract requiring Appellants to perform construction services. Appellants, on the other hand, submitted a written agreement which they averred contained the terms of the agreement entered into by both parties. Article Eight of that purported agreement provides that claims or disputes arising out of the agreement shall be submitted to binding arbitration. The purported agreement submitted by Appellants is not signed by either party.
{¶ 14} We conclude that the trial court did not err in denying Appellants' motion to stay the trial court proceedings pending arbitration on the ground that Appellants failed to establish the existence of a binding, written contract. R.C. 2711.02(B) mandates that a trial court stay its proceedings "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration[.]" "The law is clear that to constitute a valid contract, there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other." Noroski v. Fallet
(1982), 2 Ohio St.3d 77, 79. With their memorandum in opposition to Appellants' motion for stay, Appellees submitted the affidavit of James Giltner. Mr. Giltner testified that Dale Mitchell never presented to him the purported agreement produced by Appellants, which included the arbitration provision. Mr. Giltner further testified that he never discussed arbitration with Mr. Mitchell. Based on the evidence before it, the trial court's determination that Appellants failed to meet the statutory requirement of showing that the parties entered into a binding, written agreement was not arbitrary, unreasonable, or unconscionable.
{¶ 15} Appellants' argument that the trial court was required to allow discovery and conduct an evidentiary hearing before determining whether a binding, written contract existed also is without merit. In support of this argument, Appellants have relied on Harrison v. ToyotaMotor Sales, U.S.A., Inc., 9th Dist. No. 20815, 2002-Ohio-1642, wherein we held that "the trial court abused its discretion in granting Ganley's motion to stay the proceedings pending arbitration without affording [the appellant] an opportunity to conduct discovery as to the enforceability of the arbitration clause and, further, to present his findings on this issue." Id. at ¶ 16. In Harrison, however, there was no dispute that both parties had entered into a written agreement governing the purchase and sale of an automobile. In that case, the appellant argued that discovery was needed to determine the enforceability of the written arbitration provision that was lacking in specific details.
{¶ 16} Our holding in Harrison, therefore, does not compel reversal in the instant case. Rather, "where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial as requested by the parties."Divine Constr. Co. v. Ohio-American Water Co. (1991), 75 Ohio App.3d 311,316; see, also, M M Precision Sys. Corp. v. Interactive Group,Inc. (Mar. 10, 2000), 2nd Dist. No. 18008, 2000 Ohio App. LEXIS 893, at *9, appeal not allowed (2000), 89 Ohio St.3d 1452 (reversing the trial court's stay pending arbitration where the trial court failed to find the existence of a binding, written agreement).
{¶ 17} Finally, Appellants' argument that Appellees could only properly defeat their motion for stay by showing that the arbitration clause was fraudulently induced is without merit. In support of this contention, Appellants cite ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, 1998-Ohio-612, paragraph one of the syllabus: "To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced."
{¶ 18} In ABM Farms, there was no dispute that a written agreement existed that governed the rights of the parties, and included an arbitration provision. The appellee sought to escape the contract's binding arbitration provision by arguing that she was fraudulently induced to sign the agreement. The Ohio Supreme Court held that the appellee could not avoid arbitration on the ground that she was fraudulently induced to sign the contract as a whole. Rather, she could be compelled to submit to arbitration unless she was fraudulently induced specifically to agree to the arbitration provision. Id. at 502. ABM Farms
is thus inapposite to the case sub judice, because Appellants have failed to demonstrate the existence of a binding, written agreement that any party might have been fraudulently induced to execute. See, e.g., M M Precision, supra at *6 (finding ABM Farms inapplicable where the existence of the purported agreement containing the arbitration provision was contested); Krist v. Curtis (May 18, 2000), 8th Dist. No. 76074, 2000 Ohio App. LEXIS 2093, at *7-8 (Rocco, J. concurring) (distinguishing ABMFarms where the existence of any binding, written agreement between the parties was disputed).
{¶ 19} For the foregoing reasons, the trial court did not abuse its discretion in denying Appellants' motion to stay the trial court proceedings pending arbitration. Appellants' assignments of error are without merit.
 III
{¶ 20} Appellants' assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Appellees' complaint alleged causes of action for breach of an oral contract, negligence, breach of express and implied warranties, fraudulent misrepresentation, and violations of the Consumer Sales Practices Act.