OPINION
{¶ 1} In early 2000, appellees, David and Shirley Mauk, agreed to refinance their mortgage with Wholesale Mortgage Group, Inc. in the amount of $153,600.00. Washtenaw Mortgage Company funded the refinancing. First Ohio Title Services, Inc. conducted the closing and appellant, Stewart Title Guaranty Company, underwrote the title insurance policy issued to Washtenaw. The closing occurred on March 6, 2001.
 {¶ 2} On March 20, 2001, appellant filed a complaint against First Ohio freezing all of First Ohio's assets and requesting a receiver be appointed to oversee First Ohio's operations. First Ohio filed for bankruptcy on March 29, 2001. Due to the freezing of First Ohio's assets, approximately $16,000.00 worth of obligations was not paid on appellees' behalf.
 {¶ 3} On May 20, 2002, appellees filed a complaint against all the parties. Appellees' claims against appellant included negligence, conversion, breach of contract/intended third party beneficiary and negligent misrepresentation.
 {¶ 4} On July 15, 2002, appellant filed a motion to dismiss for failure to state a claim upon which relief can be granted.
 {¶ 5} On December 12, 2002, appellees filed an amended complaint against appellant, adding the claims of bad faith and intentional infliction of emotional distress. Said complaint included an Insured Closing Service letter from appellant to Washtenaw dated July 2, 1998.
 {¶ 6} By order filed December 23, 2002, the trial court denied appellant's July 15, 2002 motion to dismiss.
 {¶ 7} On December 30, 2002, appellant filed a motion to dismiss the amended complaint or in the alternative, stay the claims pending arbitration. By order filed February 10, 2003, the trial court denied said motion, finding appellant waived its right to arbitration due to its conduct in the case.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 9} "THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLANT STEWART TITLE GUARANTY COMPANY WAIVED ITS RIGHT TO ARBITRATE DISPUTES WITH PLAINTIFFS."
 I {¶ 10} Appellant claims the trial court erred in finding it had waived its right to arbitration. We disagree.
 {¶ 11} The determination as to whether arbitration has been waived is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Carter Steel Fabricating Co. v. Danis Building Construction Co. (1998),126 Ohio App.3d 251. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} Appellant argues its actions should not be construed as a waiver of arbitration. To reinforce this position, appellant points to three factors that mitigate against waiver. First, in its motion to dismiss filed July 15, 2002, appellant argued appellees' complaint should be "dismissed for failure to state a claim upon which relief can be granted." Second, appellees did not attach a copy of the Insured Closing Service letter to their original complaint pursuant to Civ.R. 10(D), this letter being the basis of the contractual relationship of appellant to appellees. Lastly, appellant immediately responded to the amended complaint wherein the letter was attached, seeking dismissal or arbitration.
 {¶ 13} Although we acknowledge once Civ.R. 10(D) was complied with a request to arbitrate was made, we nonetheless find this argument fails for the following reasons.
 {¶ 14} Appellant argues because the Insured Closing Service letter was not attached to the complaint, it "was unable to determine its position with respect to the CPL, because it did not know if it truly existed, and Stewart Title did not know the terms of that document." Appellant's Brief at 8. Therefore, it was not until the filing of the amended complaint with the letter attached did appellant become "cognizant of the fact that the mandatory, binding arbitration provision contained within the CPL was applicable to Plaintiffs' claims against Stewart Title." Id. Appellant admits it "does not retain copies of each closing protection letter issued to various lenders." Appellant's Reply Brief at 2.
 {¶ 15} The original complaint was filed on May 20, 2002. On July 15, 2002, appellant filed a motion to dismiss for failure to state a claim upon which relief can be granted and a violation of Civ.R. 10(D). Despite this pending motion, appellant responded to appellees' interrogatories and request for production of documents on October 31, 2002. Appellant pursued a protective order which was granted on December 3, 2002.
 {¶ 16} Although the December 30, 2002 motion to dismiss/request for arbitration appears to be a timely response to the amended complaint wherein the letter was attached, the trial court found this filing was a refiling of the original motion to dismiss filed back on July 15, 2002 which had been denied by the trial court on December 23, 2002. We concur the arguments are essentially the same in the two motions with the one exception that appellant sought to invoke its own arbitration clause in the second motion.
 {¶ 17} Appellant argues it was unaware of its own contractual duties and rights vis-a-vis appellees. However, such lack of knowledge is not represented by the facts sub judice. Clearly the Insured Closing Service letter was drafted by appellant on appellant's letterhead. On March 21, 2001, fourteen months before the initiation of this case, appellant authored a letter disavowing any responsibility under any Insured Closing Service letters with First Ohio. Fourteen months before this case, appellant knew of its obligations to appellees. By not keeping a record of its own Insured Closing Service agreement and by not choosing to enforce its own arbitration agreement, appellant has so waived arbitration.
 {¶ 18} Upon review, we find the trial court's conclusion from these facts cannot be termed an abuse of discretion. The trial court did not err in denying appellant's request for arbitration.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20}
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Edwards, J. concur.