[Cite as *Neel v. A. Perrino Constr., Inc.*, 2018-Ohio-1826.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105366**

---

## PAUL NEEL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## A.  PERRINO CONSTRUCTION, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-867716

**BEFORE:**   McCormack, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**     May 10, 2018

**ATTORNEYS FOR APPELLANTS**

Daniel J. Myers
Samantha A. Vajskop
Myers Law, L.L.C.
600 East Granger Road, Second Floor
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

Andrew J. Natale
Aaron S. Evenchik
Hahn, Loeser & Parks, L.L.C.
200 Public Square, Suite 2800
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1}   Plaintiffs-appellants Paul and Stephanie Neel ("the Neels") appealed the trial court's decision granting a motion to stay pending arbitration.   For the reasons that follow, we affirm in part the trial court's decision but remand for the limited purpose of staying all claims against all parties pending arbitration.

**Factual and Procedural History**

{¶2}   The Neels filed a complaint on August 16, 2016, against defendant-appellee A. Perrino Construction, Inc. ("Perrino"), along with defendants Pat Perrino, Greenwalt Architects, Inc., and Christopher E. Greenwalt.   The complaint alleged breach of contract, fraudulent misrepresentation, negligent misrepresentation, civil conspiracy, and violations of R.C. 4722.02, et seq., the Home Construction Service Suppliers Act ("the HCSSA").

{¶3} The Neels had contracted with the defendants to construct a new home in Hinckley, Ohio.   Pursuant to a restrictive covenant in the Neels' deed, the home was required to be at least 2,800 square feet.   The Neels entered into a contract with Perrino by which Perrino was to construct a custom home for them for a contract price of $364,900.   The contract was six pages long.   It included an arbitration provision in paragraph 13, which stated:

> Aside from warranty claims that shall be processed in accordance with the Limited Warranty procedure described in paragraph 8 above, should any dispute arise between the parties with respect to the completion of any stage of construction, the completion of the entire construction, or any other matter involved in the construction, disbursement of funds, amounts due and payable, said dispute shall be decided by arbitration in accordance with

the Construction Industry Arbitration Rules of the American Arbitration Association. The cost of the Arbitration shall be paid by the parties in equal shares. Further, the Contractor and Owner do hereby agree to abide by the decision of the American Arbitration Association and the judgment of the American Arbitration Association shall be final and not appealable. The parties further agree and consent to the application of the Ohio Rules of Civil Procedure to govern the scope and extent of discovery in preparation for such arbitration. Contractor and Owner hereby acknowledge that by agreeing to binding arbitration, they are waiving their right to a trial by jury.

{¶4} In addition to the various allegations described above, the Neels' complaint alleged that the parties had agreed that the home would be at least 3,000 square feet, but the home's actual footprint was several hundred feet smaller.

{¶5} On September 19, 2016, Perrino filed an answer and counterclaim. In this pleading, Perrino expressly stated that it was not waiving its right to insist upon arbitration. Perrino also filed a new party complaint asserting claims against the Neels' counsel for defamation, tortious interference with contract, and tortious interference with business relationships. While these claims stem from counsel's representation of the Neels in the underlying case, they are unrelated to the contract between the Neels and Perrino and they are not subject to arbitration.

{¶6} On November 17, 2016, counsel for all parties participated in a pretrial conference. The parties discussed ongoing discovery. In its journal entry, the trial court stated, "A. Perrino Construction (D1) is ordered to file with the court its intention to pursue private arbitration with [plaintiffs] or waive its rights under the arbitration clause no later than the end of business on 11/28/2016."

**{¶7}** On November 28, 2016, in accordance with the trial court's instruction, Perrino filed a motion to stay all proceedings pending arbitration.

**{¶8}** On January 5, 2017, the trial court granted Perrino's motion to stay pending arbitration. The court's journal entry stated, in part:

> The court carefully reviewed the [plaintiffs'] causes of action and the very broad scope of the arbitration clause within the contract between the [plaintiffs] and [defendant] Perrino Construction. All of [plaintiffs'] claims include [defendant] Perrino Construction as a party. The scope of the arbitration clause is clearly broad enough to cover — without question — all of the [plaintiffs'] claims against this single [defendant.] Therefore the court grants the motion to stay proceedings as against [defendant] Perrino Construction. All proceedings by and between [plaintiffs] and [defendant] Greenwalt Architects Inc. are not stayed and litigation and discovery shall continue unabated between them. The court ignores the existence of the two individual [defendants] Pat Perrino and Christopher Greenwalt as it is not clear that [plaintiffs] enjoy any cause of action under Ohio law against the principals of their corporations that are [codefendants] in the litigation. The court will determine the existence of causes of action against the latter two individual [defendants]. Notice issued.

**{¶9}** It is from this decision that the Neels appeal, presenting three assignments of error for our review.

**Law and Analysis**

**I. Assignment of Error No. 1**

{¶10} In their first assignment of error, the Neels argue that the trial court committed reversible error when it granted Perrino's motion to stay. Within this assignment of error, the Neels argue that the arbitration clause was substantively and procedurally unconscionable, that the arbitration clause was so ambiguous as to be unenforceable, and that Perrino waived its right to demand arbitration by participating in litigation.

{¶11} Appellate review of issues surrounding arbitration can involve various standards of review, depending on the precise questions raised challenging the applicability of the arbitration provision. *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. In general, "when addressing whether a trial court has properly granted a motion to stay litigation pending arbitration, this court applies an abuse of discretion standard." *U.S. Bank, N.A. v. Wilkens*, 8th Dist. Cuyahoga No. 96617, 2012-Ohio-1038, ¶ 13, citing *Carter Steel & Fabricating Co. v. Danis Bldg. Constr. Co.*, 126 Ohio App.3d 251, 710 N.E.2d 299 (3d Dist.1998).

{¶12} Under R.C. 2711.02, a court may stay the trial of an action upon application of a party "'if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement.'" *Seyfried v. O'Brien*, 2017-Ohio-286, 81 N.E.3d 961, ¶ 17 (8th Dist.), quoting *Austin v. Squire*, 119 Ohio App.3d 35, 37, 691

N.E.2d 1085 (9th Dist.1997), citing *Jones v. Honchell*, 14 Ohio App.3d 120, 122, 470 N.E.2d 219 (12th Dist.1984).

**A. Unconscionability**

{¶13} The Neels argue that the arbitration clause at issue here was unconscionable. We are not persuaded. Unconscionability, as a ground for revocation of a contract, can be procedural or substantive. "These two concepts create what is, in essence, a two-prong test of unconscionability" in which "[o]ne must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable." *Martin v. Byke*, 8th Dist. Cuyahoga No. 88878, 2007-Ohio-6816, ¶ 28, quoting *Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993), citing White & Summers, *Uniform Commercial Code,* Section 4-7, 219 (3d Ed.1988).

{¶14} When undertaking a review of the unconscionability of an arbitration clause, courts should employ a de novo standard of review, "but any factual findings of the trial court must be accorded appropriate deference." *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 2.

{¶15} Substantive unconscionability concerns the terms of the contract and "requires a determination of whether the contract terms are commercially reasonable in the context of the transaction." *Sikes v. Ganley Pontiac Honda*, *Inc.*, 8th Dist. Cuyahoga No. 82889, 2004-Ohio-155, ¶ 11, citing *Collins* at 834. The Neels argue that the incorporation of a loser-pays provision for attorney fees, as well as the oppressive costs of arbitration, render the arbitration clause substantively unconscionable.

{¶16} As an initial matter, we note that the third assignment of error is specifically concerned with the validity of the loser-pays provision. To the extent that the validity of this provision is encompassed in the first assignment of error, we will address these arguments in our discussion of the third assignment of error.

{¶17} We disagree that the arbitration clause is substantively unconscionable for the reasons that follow.

{¶18} There is a point at which the costs of arbitration could render a clause unconscionable as a matter of law. *Arnold v. Burger King*, 2015-Ohio-4485, 48 N.E.3d 69, ¶ 89 (8th Dist.), citing *Taylor Bldg.,* 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 60. While there is no fixed cost that renders a clause unconscionable, it is generally accepted that "if the costs associated with the arbitration effectively deny a claimant the right to a hearing or an adequate remedy in an efficient and cost-effective manner," the clause is invalid. *Felix v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga Nos. 86990 and 86991, 2006-Ohio-4500, ¶ 21, citing *Sikes*, 8th Dist. Cuyahoga No. 82889, 2004-Ohio-155.

{¶19} As the party complaining of the costs of arbitration, the Neels bear the burden of showing the likelihood they will incur oppressive costs. *Id*.; *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). To meet this burden, the Neels must provide more than unsupported allegations of prohibitive costs, because "the mere risk that a plaintiff would be forced to pay exorbitant

costs is too speculative to justify invalidation of the arbitration agreement." *Taylor Bldg.* at ¶ 57.

{¶20} The Neels have attempted to provide evidence of the costs associated with arbitration, submitting affidavits from themselves and their attorney, along with the relevant American Arbitration Association ("AAA") Construction Industry Arbitration Rules and fee schedule. However, we have very little information regarding the Neels' financial situation that would inform a determination of whether the cost of arbitration would be prohibitively expensive in this case. Beyond the statements made by the Neels in their affidavits, the record reflects that the Neels engaged Perrino to construct a custom-built home costing $364,900.

{¶21} In an appeal concerning the validity of an arbitration rider to a mortgage agreement, this court was not persuaded by similar arguments made by the defendants-appellants in that case. *Wilkens,* 8th Dist. Cuyahoga No. 96617, 2012-Ohio-1038. The Wilkenses argued that a $2,450 filing fee for their $300,000 – $500,000 claim rendered arbitration unconscionable. *Id.* at ¶ 39. This court found the asserted estimate of their claims was "highly speculative." *Id.* at ¶ 38. Further, beyond providing a fee schedule, the Wilkenses made no attempt to provide evidence regarding the costs of arbitration beyond the filing fee, and this court declined to speculate as to what those costs were. *Id.* at ¶ 39. Similarly, the Neels assert that the amount of their claim is potentially in excess of $1 million, with little explanation for that figure beyond the potential for punitive damages for fraud and anticipated cover costs in the hundreds of

thousands of dollars. While the Neels mentioned some of the other costs involved in arbitration, they made no attempt to quantify them. We note that, like in *Wilkens*, even if this court were to accept the $1 million claim amount, their speculative estimation of the costs of arbitration could be easily exceeded by litigation expenses. The Neels are therefore unable to establish substantive unconscionability.

**{¶22}** Procedural unconscionability "involves the specific circumstances surrounding the execution of the contract." *Id.* at ¶ 12. Where the circumstances are such that no voluntary meeting of the minds was possible, a contract is procedurally unconscionable. Here, the Neels argue that the fact that the contract was preprinted and drafted by Perrino and was never explained to them renders the clause procedurally unconscionable. They also argue that they were rushed through Perrino's sales presentation, Perrino was more knowledgeable about the subject of the contract and the arbitration clause, the arbitration clause was not brought to their attention or explained to them, Perrino was dishonest, the clause contained a loser-pays provision, and the Neels were unfairly surprised by a high filing fee.

**{¶23}** There are a number of factors courts consider in analyzing procedural unconscionability. Among these factors, courts should consider the circumstances surrounding the contracting parties' bargaining, such as the parties' "'age, education, intelligence, business acumen and experience, who drafted the contract, whether alterations in the printed terms were possible.'" *Collins,* 86 Ohio App.3d at 834, 621

N.E.2d 1294, quoting *Johnson v. Mobil Oil Corp.*, 415 F.Supp. 264, 268 (E.D.Mich. 1976).

{¶24} Considering these factors, we do not find the arbitration clause at issue here procedurally unconscionable. We note first that a showing that a contract is preprinted is insufficient to render it procedurally unconscionable. *Taylor Bldg.* at ¶ 45. Similarly, "inequality of bargaining power alone is insufficient to invalidate an otherwise enforceable arbitration contract." *Id.* at ¶ 44, citing *Vanyo v. Clear Channel Worldwide*, 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482, ¶ 19 (8th Dist.), citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

{¶25} This court has previously rejected a similar argument made by consumers in a similar context. *Conte v. Blossom Homes L.L.C.*, 2016-Ohio-7480, 63 N.E.3d 1245, ¶ 23 (8th Dist.). In *Conte*, this court found that the consumer was unable to establish procedural unconscionability where he alleged that his meeting with a builder was hurried, he had no knowledge of construction contracts or regulations, he did not understand what arbitration was, he was otherwise unable to understand the terms of the agreement, and he was pressured to sign the contract. *Id.* at ¶ 20-23.

{¶26} Here, we do not dispute that Perrino was likely more knowledgeable than the Neels regarding home construction and arbitration. However, the record does not support the Neels' assertion that they could not possibly have had any idea what they were agreeing to under the circumstances. While the Neels claim they were rushed through the signing of the contract, the record shows that they met with Perrino several

times before ultimately signing the contract. The Neels did not ask for more time to review the contract, and nothing in the record indicates that they could not have done so. Similarly, the Neels argue that Perrino failed to explain the arbitration clause to them. Although they concede that they had the opportunity to ask questions, they apparently did not do so. Additionally, nothing in the record indicates that the Neels were pressured to sign the contract, or that Perrino was the only builder with whom they could have contracted. Finally, the Neels' claim that no one pointed out the arbitration clause to them is not persuasive to establish procedural unconscionability. The Neels were entering into a contract for a custom-built home worth over $300,000. Their status as consumers does not free them of their duty to read the contract they signed. As such, we do not find the arbitration clause substantively or procedurally unconscionable.

## B. Ambiguity and Scope

{¶27} The Neels also assert that the arbitration clause is unenforceable because the clause is so ambiguous that no meeting of the minds occurred. In support of this assertion, the Neels point to the absence of financial liability information from the clause. To the extent the financial liability argument concerns the overall costs of arbitration, this has been addressed in the foregoing analysis. To the extent this argument concerns the loser-pays provision, it will be addressed in our discussion of the third assignment of error.

{¶28} The Neels also argue that the arbitration clause is too ambiguous to enforce because it excludes "warranty claims" without defining that phrase. We disagree.

{¶29} The first sentence of the arbitration provision references a Limited Warranty procedure that is described in an earlier paragraph of the contract, stating: "[a]side from warranty claims that shall be processed in accordance with the Limited Warranty procedure described in paragraph 8 above * * *." Paragraph 8 of the contract describes a one-year limited warranty agreement "which shall be executed by Contractor and Owner at closing." The paragraph goes on to state that the limited warranty agreement "shall be governed by the 'Construction Standards' set forth in the *Registered Builder Construction Standards & Maintenance Guide & Limited Home Warranty Agreement* (the Builders Guide), which Owner hereby acknowledges receipt of and which is incorporated herein by reference." As described in paragraph 8, the limited warranty agreement obligated Perrino to make any repairs or replacements to the home within one year of the date the Neels occupied the home, and it covered the materials as specified in the contracts plans and specifications and provided that all work was to be completed in a workmanlike manner according to standard construction practices. Further, paragraph 9 of the contract specified six items that would not be covered by the limited warranty agreement.

{¶30} Although "warranty claims" are not a defined term in the agreement, paragraph 8 provides a detailed explanation of the limited warranty agreement. Therefore, we do not find the arbitration clause so ambiguous as to be unenforceable.

**C. Waiver**

**{¶31}** The Neels also argue that the trial court erred in granting Perrino's motion to stay because Perrino waived its right to enforce the arbitration clause by participating in the underlying litigation. We disagree.

**{¶32}** In determining whether a party waived its right to arbitration, "the essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596, 8 (Feb. 17, 1994). "The question of waiver is usually a fact-driven issue, and an appellate court will not reverse the trial court's decision absent a showing of abuse of discretion." *Ohio Bell Tel. Co. v. Cent. Transport, Inc.*, 8th Dist. Cuyahoga No. 96472, 2011-Ohio-6161, ¶ 17, citing *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 10 (9th Dist.).

**{¶33}** Because of the strong public policy in favor of arbitration, the heavy burden of proving waiver of the right to arbitration is on the party asserting waiver, and waiver is "not to be lightly inferred." *Griffith v. Linton*, 130 Ohio App.3d 746, 751, 721 N.E.2d 146 (10th Dist.1998), citing *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 415, 701 N.E.2d 1040 (3d Dist.1997).

**{¶34}** In determining whether a party has acted consistently with the right to arbitrate, relevant factors for consideration include: (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by

the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions.

*Phillips* 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596.

**{¶35}** We acknowledge that Perrino filed a new party complaint and participated to some extent in the litigation. We find that these factors are outweighed, however, by the totality of the circumstances. First, we note that Perrino's participation in the litigation was relatively limited. We also note that the Neels make no argument that they were prejudiced by the passage of time — approximately three months — between their initiation of litigation and Perrino's filing of a motion to stay pending arbitration. Finally, Perrino consistently reserved its right to arbitration. Therefore, the Neels have not met their burden to establish an unequivocal waiver of Perrino's right to arbitration.

**{¶36}** Because we do not find the arbitration agreement unconscionable or ambiguous, and we do not find that Perrino waived its right to arbitrate, the Neels' first assignment of error is overruled.

**II. Assignment of Error No. 2**

**{¶37}** In their second assignment of error, the Neels argue that if the trial court's order granting Perrino's motion to stay proceedings was otherwise correct, the court erred in failing to stay the entire case pending arbitration, including claims involving other parties. Perrino essentially concedes this error. Upon review, we agree.

**{¶38}** Ohio courts have consistently held that when a trial court grants a motion to stay proceedings, the entire action must be stayed, not only the arbitrable claims between parties to the arbitration agreement. *Maclin v. Greens Nursing*, 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, ¶ 9, citing *Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 12; *Pyle v. Wells Fargo Fin.*, 10th Dist. Franklin No. 05AP-644, 2005-Ohio-6478, ¶ 12; *Marquez v. Koch*, 4th Dist. Ross No. 11CA3283, 2012-Ohio-5466, ¶ 11.

**{¶39}** Therefore, the Neels' second assignment of error is sustained.

### III. Assignment of Error No. 3

**{¶40}** In the Neels' third assignment of error, they assert that even if the trial court properly granted Perrino's motion to stay pending arbitration, the trial court erred in failing to strike Rule 48 of the American Arbitration Association ("AAA") Construction Industry Arbitration Rules because it is procedurally and substantively unconscionable.

**{¶41}** The arbitration clause in the agreement here provides that the cost of arbitration shall be paid by the parties in equal shares. It also provides, however, that the AAA Construction Industry Arbitration Rules govern arbitration between the parties. Rule 48(d)(ii) of the rules states that the arbitrator's award may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."

**{¶42}** One count of the Neels' complaint against Perrino alleged that Perrino had committed violations of the HCSSA, codified as R.C. 4722.01, et seq. The fee-shifting

provision in Rule 48 conflicts with the HCSSA. Specifically, R.C. 4722.08(D) provides that "the court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed" if either the owner filed an action in bad faith or the home construction service supplier knowingly committed an act that violates the HCSSA.

{¶43} In light of this conflict, similar "fee-shifting" or "loser-pays" provisions have been found unconscionable and against public policy by this court. In *DeVito v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336, this court found that the "built-in, grossly imbalanced unfairness of the loser-pays terms * * * renders [Auto Direct Online, Inc.'s] arbitration agreement substantively unconscionable, when the loser-pays provision is embedded." *Id.* at ¶ 31. Similarly, in *Conte,* this court concluded that the loser-pays provision "effectively nullifies the OCSPA and HCSSA provisions that allow the imposition of such fees only where a consumer acts in bad faith and files a groundless complaint." *Conte*, 2016-Ohio-7480, 63 N.E.3d 1245, at ¶ 34, citing R.C. 4722.08(D)(1); 1345.09(F).

{¶44} We agree with our precedent and find that, to the extent Rule 48(d)(ii) governs arbitration between the parties here, it is unenforceable. This is conceded by Perrino. We note that unlike the agreements at issue in *Conte* and *DeVito*, though, the loser-pays provision is not expressly included in the agreement between the Neels and Perrino. Therefore, this assignment of error is overruled.

**{¶45}** We affirm the decision of the trial court granting the motion to stay pending arbitration; however, we remand to the trial court for the limited purpose of staying all claims against all parties.

**{¶46}** This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR