[Cite as *Domaradzki v. Sliwinski*, 2011-Ohio-2259.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 94975

---

## STANLEY DOMARADZKI

PLAINTIFF-APPELLEE

vs.

## TEDDY SLIWINSKI

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-690457

**BEFORE:** E. Gallagher, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEY FOR APPELLANT**

Teddy Sliwinski
5800 Fleet Avenue
Cleveland, Ohio    44105


**ATTORNEYS FOR APPELLEE**

Kenneth B. Baker
Robert G. Knirsch
Javitch, Block & Rathbone, L.L.P.
1100 Superior Ave., 19th Floor
Cleveland, Ohio    44114-1503


EILEEN A. GALLAGHER, J.:

{¶ 1}   Teddy Sliwinski ("appellant") appeals the civil judgment entered against him in the Cuyahoga County Court of Common Pleas on March 19, 2010.   Appellant argues that the trial court, in determining the outstanding balance of his debt to Stanley Domaradzki ("appellee"), failed to properly credit him for payments he made to appellee on the debt.   For the reasons that follow, we reverse and remand.

{¶ 2}   On June 3, 1998, appellee agreed to loan appellant $200,000 pursuant to a letter of instruction signed by both parties.   Appellant received two checks for $100,000 each. The terms of the parties' agreement stated that the money was to be used by appellant for,

"any purpose he deems best for a period not to exceed 18 months from this date with the only provision that [appellee] receive nine percent (9%) per annum payable at Seven Hundred and Fifty dollars ($750.00) monthly and in increments every three (3) months to the account I designate by wire transfer, at my expense, or such other place I designate."

{¶ 3} Appellant made sporadic payments until 2003, and appellee eventually brought this action on April 20, 2009 to recover the outstanding balance of the loan. The trial court granted plaintiff's motion for summary judgment as to the issue of liability on the loan, and a damages hearing was held on March 12, 2010 for the purpose of ascertaining the amount of payments that had been made on the loan and to determine the present balance. At the hearing, appellee introduced plaintiff's Exhibit 4, a collection of documents evidencing payments appellee had received from appellant on the loan. Appellant introduced defendant's Exhibit 1, which included all of the documents in Plaintiff's Exhibit 4 and additional documents purporting to evidence payments on the loan. Under cross-examination, appellee denied receiving any payments pursuant to appellant's additional documents. The trial court, in the midst of the hearing, suggested that the parties submit their documentation for the court to review and determine what payment documents were related to the loan and would, therefore, be credited in favor of appellant, and what documents were unrelated. Neither party objected to this review, and the hearing concluded without further testimony regarding the disputed documentation and without any testimony on behalf of appellant.

{¶ 4} On March 19, 2010, the trial court issued a journal entry granting judgment in favor of appellee in the amount of $318,978.36 with interest to be calculated at a rate of 9% per annum. Appellant filed a request for findings of fact and conclusions of law. The trial court issued findings of fact on March 31, 2010 wherein it concluded that plaintiff's Exhibit 4 evidenced $86,215 in payments on the loan and defendant's Exhibit 1 demonstrated that appellee received an *additional* $21,785 in payments on the loan. Based on these facts, the court determined the outstanding balance to be $318,978.36. It is from this judgment that appellant presently appeals.

{¶ 5} In appellant's sole assignment of error, he argues that the trial court failed to properly credit him for payments he made to appellee on the debt.

{¶ 6} When reviewing civil appeals from bench trials, we apply a manifest-weight standard of review. App.R. 12(C); *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We are guided by the presumption that the trial court's findings were correct, and we will not reverse its decision as against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. Id. at 80, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.

{¶ 7} In the present instance, a review of the evidence before the trial court reveals that the trial court accurately credited appellant with $86,215 in payments based on the

materials in plaintiff's Exhibit 4.    However, we find the trial court's conclusion that defendant's Exhibit 1 evidenced an additional $21,785 in loan-related payments to be unsupported by competent, credible evidence in the record.    The trial court, in its findings of fact and conclusions of law, did not explicitly state which additional documents in defendant's Exhibit 1 it found to be valid payments towards the loan.    Excluding the documents duplicated in plaintiff's Exhibit 4, defendant's Exhibit 1 contains more than ten additional payment documents for which appellant sought credit.    The trial court clearly found some of appellant's additional payment documents to be related to the loan and others not to be related.    However, we are unable to find any potential combination of appellant's additional documents from which the trial court could base its conclusion that $21,785 in additional payments were made.

{¶ 8}    Appellant's single assignment of error is sustained. We find that the trial court's decision was not supported by competent, credible evidence on the record.

{¶ 9}    The judgment of the trial court is reversed and the cause is remanded to the lower court for a new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS;
COLLEEN CONWAY COONEY, J., DISSENTS
(WITH SEPARATE DISSENTING OPINION)

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 10} I respectfully dissent. I would affirm the trial court's judgment as supported by some competent, credible evidence. Attorney Sliwinski failed to repay the loans in the manner to which he agreed. He failed to keep accurate records of his payments and has disputed only the balance due, not the debt itself. Since he failed to produce sufficient evidence to dispute Domaradzki's evidence, I would affirm.