[Cite as *Owners Mgt. Co. v. Harris*, 2017-Ohio-5809.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104804**

---

# OWNERS MANAGEMENT COMPANY

PLAINTIFF-APPELLEE

vs.

# FREDERICK HARRIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Bedford Municipal Court
Case No. 15-CVF-00027

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

**ATTORNEYS FOR APPELLANTS**

Antonio S. Nicholson
3552 Northcliffe Road
Cleveland Heights, Ohio 44118

Eric L. Foster
Law Firm of McDonald Foster L.L.C.
25801 Lakeshore Boulevard, Suite 55
Euclid, Ohio 44132


**ATTORNEY FOR APPELLEE**

Ted S. Friedman
32901 Station Street, #105
Solon, Ohio 44139

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Frederick Harris appeals the decision of the Bedford Municipal Court granting judgment in favor of plaintiff-appellee Owners Management Company (hereinafter "OMC") for unpaid condominium owners association fees. We affirm.

**Facts and Procedural Background**

{¶2} Harris purchased a condominium in Shaker Heights in 1989. As the owner, Harris was obligated to pay condominium owners association fees attendant to the property. On January 20, 2012, a foreclosure action relating to the condominium was instituted against Harris by the Bank of New York Mellon in the Cuyahoga County Court of Common Pleas. OMC was named as a codefendant in the case but did not appear.

{¶3} Harris continued paying his monthly condominium owners association fees through June 2013. The record reflects that at a case management conference in the common pleas court on July 15, 2013, Harris agreed to enter into a consent to foreclosure. A stipulated magistrate's decision dated August 16, 2013, stated that Harris consented to the bank's right to a decree of foreclosure. The trial court entered judgment adopting the magistrate's decision on September 16, 2013, and ordered the property to be sold at a sheriff's sale. The record reflects that the property was transferred by sheriff's deed from Harris to Bank of New York Mellon on June 19, 2014.

{¶4} On January 5, 2015, OMC brought the present case seeking $7,252.63 for unpaid condominium owners association fees from July 2013 through June 19, 2014.

The case proceeded to a bench trial and judgment in the amount sought was granted in favor of OMC.

**Law and Analysis**

**I. Laches**

**{¶5}** In his first assignment of error, Harris argues that the trial court abused its discretion by overruling the defense of laches. However, under Civ.R. 8(C) laches is an affirmative defense and must be specifically pled. Harris failed to raise laches in the pleadings below and, therefore, has waived this assignment of error. *McConnell v. McConnell*, 8th Dist. Cuyahoga No. 42075, 1980 Ohio App. LEXIS 11299 (Nov. 20, 1980); *Laverty v. Collins*, 8th Dist. Cuyahoga No. 60232, 1992 Ohio App. LEXIS 2548 ( May 21, 1992).

**{¶6}** Harris's first assignment of error is overruled.

**II. Mitigation of Damages**

**{¶7}** In his second assignment of error, Harris argues that the trial court erred in failing to find that OMC had a duty to mitigate its damages.

**{¶8}** When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 5 (8th Dist.), citing App.R. 12(C) and *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). A verdict supported by some competent, credible evidence going to all the essential elements of the case must not be reversed as being against the manifest weight of the evidence.

*Domaradzki v. Sliwinski*, 8th Dist. Cuyahoga No. 94975, 2011-Ohio-2259, ¶ 6; *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶9}** As the Ohio Supreme Court explained in *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517:

> "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*'"

(Emphasis sic.) *Id*. at ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

**{¶10}** In assessing whether a verdict is against the manifest weight of the evidence, we examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the verdict must be overturned and a new trial ordered. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶11}** In weighing the evidence, we are guided by a presumption that the findings of the trier of fact are correct. *Seasons Coal*, 10 Ohio St.3d at 80, 461 N.E.2d 1273. This presumption arises because the trier of fact had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id*. Thus, "to the extent that the

evidence is susceptible to more than one interpretation," we will "construe it consistently with the * * * verdict." *Berry v. Lupica*, 196 Ohio App.3d 687, 2011-Ohio-5381, 965 N.E.2d 318, ¶ 22 (8th Dist.), citing *Ross v. Ross*, 64 Ohio St.2d 203, 414 N.E.2d 426 (1980); *see also Seasons Coal* at 80, fn. 3 ("'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment'"), quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶12} We find no evidence in the record to support Harris's contention that the trial court failed to properly consider mitigation of damages. The failure to mitigate damages is an affirmative defense. *Telecom Acquisition Corp. I v. Lucic Ents.*, 8th Dist. Cuyahoga No. 102119, 2016-Ohio-1466, 62 N.E.3d 1034, ¶ 69. Thus, the burden of proving a failure to mitigate damages lies with the party asserting the defense. *Id*.

{¶13} Here, Harris argues that OMC failed to mitigate its damages by electing not to pursue the claim for unpaid fees as a cross-claim in the foreclosure case. However, the trial court aptly pointed out that Harris continued paying his condominium fees for nearly a year and a half after the foreclosure case was instituted. The present claim for unpaid fees did not begin to accrue until unpaid fees began to accumulate in July 2013. Even if we accepted the dubious contention that the trial court in the foreclosure case

would have granted leave for OMC to file its cross-claim to the case following the consent decree, the claim was permissive, rather than compulsory, pursuant to Civ.R. 13(G). Furthermore, Harris failed to proffer either facts or law to demonstrate to the trial court below how the adjudication of the fee claim in the foreclosure case would have mitigated the damages as opposed to resolving the matter in the present action.

{¶14} Harris's second assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Bedford Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY