[Cite as *Gerston v. Parma VTA, L.L.C.*, 2018-Ohio-2185.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105572**

**KIMBERLEE A. GERSTON, TRUSTEE**

PLAINTIFF-APPELLEE

vs.

**PARMA VTA, L.L.C., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-829947

**BEFORE:** Jones, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 7, 2018

**ATTORNEYS FOR APPELLANTS**

**For Alan E. Robbins**

John F. Hill
Buckingham, Doolittle & Burroughs, L.L.C.
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333

Teresa Santin
Mark I. Wallach
Thacker Robinson Zinz L.P.A.
2330 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114

**For AKMS, L.P.**

David L. Drechsler
John P. Slagter
Buckingham, Doolittle & Burroughs, L.L.C.
1375 East Ninth Street, Suite 1700
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Steven M. Goldberg
Steven M. Goldberg Co., L.P.A.
31300 Solon Road, Suite 12
Solon, Ohio 44139

Karl E. Novak
1037 Chuck Dawley Blvd., Building A
P.O. Box 1007
Mount Pleasant, South Carolina 29465

Eric H. Zagrans
Zagrans Law Firm L.L.C.
6100 Oak Tree Blvd., Suite 200
Cleveland, Ohio 44131

LARRY A. JONES, SR., J.:

**{¶1}** This appeal was taken by defendants-appellants, Alan E. Robbins ("Robbins"), Leah Robbins ("Leah"), Parma VTA, L.L.C., and AKMS, L.P. (collectively "Appellants"), from the trial court's judgment, rendered after a bench trial, granting declaratory judgment in favor of plaintiff-appellee, Kimberlee A. Gerston, Trustee of the Gerston Family Trust ("Kimberlee"). After the trial court's decision, Appellants filed a motion for a new trial that was denied; they also challenge that decision in this appeal. For the reasons that follow, we affirm the trial court's judgments.

**Factual and Procedural Background**

**The Complaint**

**{¶2}** This complex civil litigation began in 2014 when Kimberlee, as Trustee of the Gerston Family Trust ("the Trust"), dated November 20, 2002, filed a complaint in the common pleas court against the above-named defendants, as well as defendant Parma GE 7400. Parma GE 7400 is not a party to this appeal, however.

**{¶3}** The Trust was formed under California laws by husband and wife, Kenneth ("Gerston") and Kimberlee, with each designated as the primary trustees. In the event of the death of one of them, the survivor was designated to continue to act as the primary trustee. Gerston died in 2010, and thereafter Kimberlee assumed the role of primary trustee.

**{¶4}** In Count 1 of the complaint, Kimberlee sought a declaratory judgment declaring the Trust to be the owner of Parma GE 7400, rather than defendant-appellant AKMS. Parma GE 7400 owned a partial interest in commercial real estate located at 7400 Broadview Road, Parma, Ohio, ("the property") on which the main tenant is a Giant Eagle grocery store. The other claims contained in the remaining counts of the complaint have not yet been decided by a trial court and,

therefore, are not at issue in this appeal.[1]

**The Subject Property**

{¶5} The record demonstrates that in 2005, appellant Robbins solicited Gerston to be a partial owner with him of the property. Robbins and Gerston each formed separate limited liability companies for the sole purpose of effectuating the purchase of the property. Robbins's company was Parma VTA and Gerston's company was Parma GE 7400.

{¶6} Robbins and Gerston entered into a Tenants-in-Common Agreement ("TIC Agreement"), under which Gerston's company, Parma GE 7400, would own a 76.62% majority interest in the property, and Robbins company, Parma VTA, would own a minority 23.28% interest in the property.

{¶7} The purchase price for the property was approximately $11 million. In order for the purchase to be effectuated, Gerston and Robbins had to assume the existing loan on the property, which had a principal sum of approximately $8.2 million. The assumption of the previous owner's loan was set forth in a Consent to Transfer and Loan Assumption Agreement, dated October 4, 2005, that was the closing date for the transaction. The document was signed by Gerston and Robbins as presidents of their respective entities, and each was designated as borrowers and guarantors for the purchase of the property — a requirement of the mortgage lender that was set forth under the Consent to Transfer and Loan Assumption Agreement. Gerston and Robbins then had to pay the approximate difference between the $8.2 million previous loan and the $11 million purchase price.

{¶8} The loan was a nonrecourse loan, but set forth specific circumstances under which

---

[1]After remand from this court, the trial court included the necessary Civ.R. 54(B) "no just cause for delay" language, thus giving this court jurisdiction to consider this appeal.

Gerston and Robbins would be fully personally liable as guarantors in the event of default.[2] One such circumstance was if there was an unpermitted transfer, assignment, or relinquishment of ownership interest in Parma GE 7400.

{¶9} To pay the approximate difference between the purchase price and the existing loan amount, Robbins put $500,000 earnest money in escrow in February 2005, and that money was applied toward the purchase price. The two agreed that Robbins and/or one of his business entities would loan the entirety of the equity portion necessary for the purchase to Parma GE 7400 (Gerston's company).

{¶10} Under the Consent to Transfer and Loan Assumption Agreement, the mortgage lender imposed limitations on the ability to transfer the parties' respective interests in the property. For example, they were restricted from (1) selling or transferring all or any portion of their respective interests in the property without the prior consent of the mortgage lender; and (2) transferring ownership of member interest in their respective companies.

{¶11} As mentioned, the purchase of the property closed on October 4, 2005. The TIC Agreement contained an integration clause, which provided that no modification, waiver, or amendment would be valid unless it was in writing and signed. The TIC Agreement, Consent to Transfer and Loan Assumption Agreement, mortgage, and limited warranty deed were all recorded in the Cuyahoga County Recorder's Office.

{¶12} The parties also entered into an Operating Agreement so that their respective business entities could set forth rules that it wanted the parties to follow. Relative to Parma GE 7400, the Operating Agreement, that was signed by Gerston on October 3, 2005, stated the sole

---

[2]Gerston and Robbins also executed an Environmental Indemnity Agreement, under which they, as guarantors, could be personally liable for any environmental damage that may have existed at the time they purchased the property or that may have occurred during the remaining term of the loan, which was nine years.

purpose of establishing Parma GE 7400 was to acquire the property and assume the $8.2 million loan.

**Gerston Dies: Ownership of Property at Issue**

{¶13} In August 2010, Gerston passed away; at the time of his death he was the sole member of Parma GE 7400. The issue in this appeal is who the owner of the property is: the Trust claims it is the owner, as the successor in interest to Gerston, while appellants claim that defendant AKMS (another of Robbins's entity) is the owner because Gerston relinquished and assigned his ownership interest in the property to AKMS after closing in 2005. Appellants admit that there is no document signed by Gerston that relinquished and assigned his rights; rather, they contend that the assignment was an oral one, and according to Robbins, the "collective interpretation" of emails exchanged by the parties demonstrates that Gerston "understood he wasn't the owner anymore and AKMS was."

**Events After Gerston's Death**

{¶14} In early 2014, unbeknownst to Kimberlee or the Trust, Robbins attempted to sell a portion of Parma GE 7400's 76.62% interest in the property to potential buyers. The potential buyers and their counsel raised the issue with Robbins about who owned the 76.62% interest in the property. To address their concern, counsel who had previously worked with both Gerston and Robbins when they initially purchased the property, drafted an Assignment of Interest that stated that Gerston was the sole owner of Parma GE 7400 until his death, upon which his interest passed to Kimberlee as Gerston's sole heir and legal representative. Counsel was never able to locate any documentation that Gerston had transferred his interest in Parma GE 7400 to any person or entity, including Robbins or AKMS. In fact, as of 2014, the recorded Consent to Transfer and Loan Assumption showed that Gerston was the guarantor on the $8.2 million loan.

**{¶15}** The record demonstrates that Robbins contacted Kimberlee and asked her to execute a Declaration, under which she would have disavowed any financial or ownership interest in the property, and declared that the "Company" (i.e., Parma GE 7400) was owned by AKMS, Robbins's business. Kimberlee refused to sign the Declaration. She requested proof from Robbins that Gerston had assigned or transferred his interest in Parma GE 7400 to Robbins or AKMS.

**{¶16}** Kimberlee never received any such proof from appellants, but they filed a Certificate of Amendment with the Secretary of State of Delaware,[3] amending Parma GE 7400's certificate of formation to name AKMS as the sole member of Parma GE 7400. Kimberlee maintains that neither she nor the Trust consented to the amendment.

**{¶17}** In 2014, Parma VTA (Robbins's entity) refinanced the loan on the property with Ladder Capital, which was not a party to this action, and the original loan with Global, who also was not a party to the action, was paid off on behalf of Parma GE 7400 and Parma VTA. Additionally, there was a lease between Parma GE 7400 and Parma VTA, as lessors, and Giant Eagle, as lessee.

**{¶18}** In 2016, defendant-appellant Leah (Robbins's daughter) signed a Limited Warranty Deed, transferring Parma GE 7400's 76.62% interest in the property to Parma VTA. Again, Kimberlee contends that all of these transactions were done without her knowledge or consent.

**Bench Trial on Declaratory Judgment Ownership Issue**

**{¶19}** A visiting judge was assigned to the case, and the sole issue of ownership of the property was tried in a bench trial. The court considered significant evidence, including testimony from numerous witnesses and voluminous exhibits. After its deliberations, the court

---

[3]Parma GE 7400 was incorporated in Delaware.

found that the Trust, through its 100% interest in Parma GE 7400, is the majority legal owner of the property. The trial court invalidated transactions involving Parma GTE 7400 that occurred after Gerston's death.

**Assignments of Error**

{¶20} Appellants now raise the following assignments of error for our review:

I.   The trial court erred by allowing the appellee, the Gerston Family Trust, dated November 20, 2002, to pursue a claim for which it lacks standing.

II.   The trial court erred by invalidating all transactions after Mr. Gerston's death in the absence of necessary parties.

III.   The trial court erred by applying the statute of frauds relating to the transfer of real estate to bar the transfer of a membership interest in a limited liability company.

IV.   The trial court erred by holding that prior contract documents barred the subsequent transfer of a membership interest in a limited liability company.
V.   The trial court's judgment finding that [the Trust] owns Parma GE 7400, LLC is against the manifest weight of the evidence.

VI.   The trial court erred by allowing [the Trust] to pursue a claim that had expired pursuant to the applicable statute of limitations.

**Law and Analysis**

**Standing and Statute of Limitations**

{¶21} For their first assignment of error, Appellants contend that the Trust lacked standing to file this action.    In their sixth assignment of error, Appellants contend that the Trust's claim is barred by the statute of limitations.

{¶22} We initially note that these issues were decided in the trial court's March 8, 2016 judgment on the parties' motions for summary judgment that is not one of the judgments appealed from herein.   In the judgment issued after the bench trial that Appellants now appeal, the trial court specifically stated that it would "not readdress these issues, as it was determined on March

8, 2016 that Plaintiff has proper standing to pursue its action as to ownership of Parma GE 7400, L.L.C., and that Plaintiff's claims are not barred by the statute of limitations." Notwithstanding this, we briefly address these claims.

**{¶23}** In regard to standing, the parties disagree on our standard of review: Appellants contend that it is de novo, while the Trust contends we review for an abuse of discretion. Upon review, we agree with Appellants.

**{¶24}** A question involving standing is typically a question of law and, as such, it is to be reviewed de novo. *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP-905, 2009-Ohio-2400, ¶ 9; *see also In re $75,000.00 United States Currency (Katz)*, 8th Dist. Cuyahoga No. 105314, 2017-Ohio-9158, ¶ 45, citing *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 10 ("Standing is a question of law for us to review de novo.").

**{¶25}** In order to sue, a plaintiff must have standing to bring the suit.

> The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented. Standing is a threshold test that, if satisfied, permits the court to go on to decide whether the plaintiff has a good cause of action, and whether the relief sought can or should be granted to plaintiff.

*Tiemann v. Univ. of Cincinnati*, 127 Ohio App.3d 312, 325, 712 N.E.2d 1258 (10th Dist.1998), citing *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

**{¶26}** Appellants contend that the Trust does not have standing because if Gerston had an ownership interest in the property it would have passed to his estate at the time of his death, and would have had to have been probated from the estate, which they claim it was not.

**{¶27}** We decline to find a lack of standing on this record. Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Davet v. Sheehan*, 8th Dist. Cuyahoga No. 101452, 2014-Ohio-5694, ¶ 22. A

party has standing if it is a real party in interest, which is an individual who has suffered an injury in the matter at hand. *Mousa v. Mt. Carmel Health Sys.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 12.

**{¶28}** The record demonstrates that on November 20, 2002, the same date the Trust was created, Gerston also executed his last will and testament. The will provided, in relevant part, that at the time of his death, the remainder of his estate and property were to be added to the assets of the Trust. The Trust clearly is a beneficiary of Gerston's estate; it is not a potential beneficiary and, therefore, it has a vested interest in the outcome here.

**{¶29}** The first assignment of error is overruled.

**{¶30}** In regard to the statute of limitations, Appellants contend that the Trust claims that Appellants converted Gerston's ownership interest in Parma GE 7400. Appellants contend that because a conversion claim is subject to a four-year statute of limitations, the Trust's declaratory judgment action was untimely filed.

**{¶31}** It is true that the statute of limitations for a conversion claim is four years. *See* R.C. 2305.09. The statute begins to run when the plaintiff discovers, or with reasonable care should have discovered, the conversion. *Barley v. Fitcheard*, 8th Dist. Cuyahoga No. 91458, 2008-Ohio-6159, ¶ 13.

**{¶32}** According to Appellants, Gerston was aware, at the latest, in 2008, of the alleged conversion, because that was when Robbins repeatedly sought to purchase an interest in all or part of Gerston's Parma GE 7400 business. Appellants further contend that the Trust is subject to the four-year statute of limitations because "all of alleged claims arise out of causes of action Mr. Gerston could have brought (though he did not, because he had no ownership interest in [Parma GE] 7400, L.L.C.) and which [the Trust] is only bringing because it purports to be his successor in

interest." We disagree.

{¶33} A review of the Trust's complaint shows that none of the claims are for conversion. Rather, besides the declaratory judgment count, the other claims are for breach of fiduciary duty, fraudulent conveyance, and conspiracy. Based on those claims, the Trust sought punitive damages, an accounting, distributions and the appointment of a property manager. Because there was no conversion claim, Appellant's sixth assignment of error is without merit.

{¶34} The sixth assignment of error is overruled.

**Necessary Parties**

{¶35} For their second assigned error, Appellants contend that the trial court lacked jurisdiction to void all transactions that occurred after Gerston's death in 2010 because necessary parties were not named in the action.

{¶36} Specifically, the record demonstrates that after Gerston's death, in 2014, Parma VTA (Robbins's entity) refinanced the loan on the property with Ladder Capital, which was not a party to this action, and the original loan with Global, who also was not a party to the action, was paid off on behalf of Parma GE 7400 and Parma VTA. Additionally, there was a lease between Parma GE 7400 and Parma VTA, as lessors, and Giant Eagle, as lessee; Parma GE 7400 assigned its rights under the lease to Parma VTA.

{¶37} Appellants contend that the voidance of the transactions potentially voids the deed from [Parma GE] 7400, LLC to Parma VTA, vitiating * * * Ladder Capital's mortgage interest in the Giant Eagle Real Estate and potentially undoing the pay-off of the Global loan. It also potentially voids the lease assignment. Because Ladder Capital and Global Mortgage were not parties to the action, Appellants contend that the trial court's judgment "prejudices their rights and interests * * *."

**{¶38}** In response, the Trust states that it "does not disclaim its share of the obligation to Ladder Capital for the refinancing * * * [and does] not seek to undo the pay-off of the Global loan." The Trust further claims that it does "not disclaim [its] interest in the lease of the Property to Giant Eagle as the tenant."

**{¶39}** A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment. *See Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd of Edn.*, 86 Ohio St.3d 318, 321, 715 N.E.2d 127 (1999). Civ.R. 19(A), governing joinder, provides as follows:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his [or her] absence complete relief cannot be accorded among those already parties, or (2) he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his [or her] absence may (a) as a practical matter impair or impede his [or her] ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of claimed interest or (3) he [or she] has an interest relating to the subject of the action as an assignor, assignee, subrogor or subrogee.

**{¶40}** As mentioned, Appellants claim that the two parties who should have been joined "potentially" had an interest in this case. The Trust, however, has stated that it does not intend on disinvesting any interest they may have. On this record, therefore, we are not persuaded by Appellants' contention that necessary parties were not part of the declaratory judgment action. *See Hartley v. Berlin-Milan Local School Dist.*, 6th Dist. Erie No. E-80-17, 1980 Ohio App. LEXIS 12430, 7 (Dec. 31, 1980) ("We find that the appellants have failed to show with sufficient clarity upon the record that any [parties] other than those already parties have such interest in this action that they would be affected by the declaratory judgment sought.").

**{¶41}** Likewise, here, on this record, we do not find that Ladder Capital and Global Mortgage were necessary parties to the declaratory judgment action. The second assignment of

error is therefore overruled.

**Statute of Frauds**

{¶42} In its judgment, the trial court quoted the following adage: "an oral contract for the transfer of real estate is worth the paper it is not written upon." The trial court found that Appellants' attempts to transfer, assign or relinquish Gerston's majority interest in the subject property or Parma GE 7400 was barred by the statute of frauds.

{¶43} We first address the appellants' contention that the statute of frauds issue was not raised at the trial court level and, thus, we are precluded from addressing it here. The record demonstrates that the issue was addressed at the trial court level. Specifically, the trial court questioned appellants' counsel about the issue during an in-chamber conference. In closing argument, appellants' counsel referenced that discussion as follows:

> You know, last Friday, as you know in chambers, you had asked us how do you transfer real estate without something in writing? And, you know, obviously as a real estate lawyer, I know the statute of frauds prohibits that and it was one of those "oh, you know what" moments, your Honor. Because ultimately the issue in this case was not the transfer of real estate, it was relating to this transfer of a membership interest in Parma GE 7400. That's what has been pled. That's what the issue is, but clearly somehow we got off on the wrong path. And obviously sometimes that happens * * *. It's somewhat difficult to understand, but it does happen, and I think that this a complex transaction that occurred here.

{¶44} In light of the above, the issue was addressed during the trial court proceedings and is now properly before us for review.

{¶45} Ohio's statute of frauds is set forth in R.C. Chapter 1335. R.C. 1335.04, which governs "interest in land," provides as follows:

> No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his [or her] agent thereunto lawfully authorized, by writing, or by act and operation of law.

**{¶46}** Further, R.C. 1335.05 provides in pertinent part as follows:

No action shall be brought whereby to charge * * * a person upon an agreement made upon consideration of * * * a contract or sale of lands, tenements or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

**{¶47}** It is undisputed that there was no writing or document conveying, assigning, or transferring Gerston's majority interest in the property to Robbins or his business, AKMS. As mentioned, Appellants contend that the statute of frauds is inapplicable, however, because the ultimate issue in the case was not the transfer of real estate but, rather, the transfer of a membership interest in Parma GE 7400. According to Appellants, that is how the Trust pled the issue. We disagree, and need look no further than the complaint.

**{¶48}** Specifically, the Trust alleged in its complaint that Gerston formed his entity, Parma GE 7400, to "acquire an interest in the Property," and that after his death, Appellants "conspired and colluded to strip the [Trust] of its ownership interest in Parma [GE] and the underlying Property." Thus, the Trust pled the issue to include the transfer of the subject property. Such a transfer, conveyance, or assignment would be subject to the statute of frauds. An agreement that does not comply with the statute of frauds is unenforceable. *Olympic Holding Co., L.L.C. v. ACE, Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, 909 N.E.2d 93, paragraph three of the syllabus.

**{¶49}** In light of the above, the trial court properly found the statute of frauds applicable. Further, the trial court's denial of Appellants' motion for a new trial, that was premised on "surprise" by the statute of frauds issue, was not an abuse of discretion.[4] Appellants' third

---

[4]In reviewing a trial court's decision regarding a motion for new trial, we use the abuse of discretion standard. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312, 649 N.E.2d 1219 (1995). Thus, we will not disturb a trial court's ruling on a motion for a new trial unless we find the decision was unreasonable, unconscionable, or arbitrary. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

assignment of error is therefore overruled.

**Prior Contracts**

{¶50} In its judgment, the trial court found that contracts executed by Gerston barred relinquishment and assignment of his interest in Parma GE 7400 to AKMS. Appellants challenge that finding in their fourth assignment of error. We find their challenge to be without merit.

{¶51} In reaching its decision, the trial court relied on Parma GE 7400's Operating Agreement and the TIC Agreement. Both agreements contained provisions that prevent modifications unless they are in writing.

{¶52} In regard to Parma GE 7400's Operating Agreement, it provided in relevant part that any assignment must be permitted by the loan documents and must be evidenced in writing by both the assignor and the assignee. The agreement further provided that until the mortgage loan was fully paid, any assignment of the membership interests in Parma GE 7400 was prohibited, and any amendment of the operating agreement or the certificate of formation required mortgage lender approval.

{¶53} The 2005 loan documents signed by Gerston, Robbins, and the mortgage lender required in pertinent part that: (1) neither Parma GE 7400 nor its member may sell or transfer all or any portion of its interest in the Property without the prior written consent of the mortgage lender; (2) Gerston was required at all times to own or control at least 20% of Parma GE 7400; (3) Gerston was required to retain management control of Parma GE 7400; and (4) any transferee was required to provide written notice of any transfer to the mortgage lender at least 30 days prior to the scheduled transfer so that the mortgage lender could review the documentation to ensure it was acceptable to it.

**{¶54}** There simply is no evidence in the record of any writing signed by Gerston (or the Trust) assigning or conveying Parma GE 7400's interest to any person or entity. Thus, the trial court properly found that any alleged oral assignment did not comply with the transfer provisions as set forth in the loan documents.

**{¶55}** In light of the above, Appellants' fourth assignment of error is without merit.

**Manifest Weight of the Evidence**

**{¶56}** In their fifth assignment of error, Appellants contend that the trial court's determination that the Trust owns 100% membership interest in Parma GE 7400 and 76.62% of the subject property was against the manifest weight of the evidence.

**{¶57}** When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 5 (8th Dist.), citing App.R. 12(C) and *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). A verdict supported by some competent, credible evidence going to all the essential elements of the case must not be reversed as being against the manifest weight of the evidence. *Domaradzki v. Sliwinski*, 8th Dist. Cuyahoga No. 94975, 2011-Ohio-2259, ¶ 6; *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶58}** The Ohio Supreme Court explained the manifest-weight-of-evidence standard as follows:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In assessing whether a verdict is against the manifest weight of the evidence, we examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the verdict must be overturned and a new trial ordered. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶59} In weighing the evidence, we are guided by a presumption that the findings of the trier of fact are correct. *Seasons Coal*, 10 Ohio St.3d 77 at 80, 461 N.E.2d 1273. This presumption arises because the trier of fact had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* Thus, "to the extent that the evidence is susceptible to more than one interpretation," we will "construe it consistently with the * * * verdict." *Berry v. Lupica*, 196 Ohio App.3d 687, 2011-Ohio-5381, 965 N.E.2d 318, ¶ 22 (8th Dist.), citing *Ross v. Ross*, 64 Ohio St.2d 203, 414 N.E.2d 426 (1980).

{¶60} Numerous witnesses testified at trial and volumes of documents were admitted into evidence. The trial court stated that after the "significant period of days" of trial, it "reviewed the multiple exhibits, evaluated the testimony of numerous witnesses, reviewed the trial briefs of the parties, the submitted proposed Findings of Facts and Conclusions of Law, and [was] mindful of the positions of the respective parties."

{¶61} After its review, the trial court found that Appellants "attempted to effect a change in ownership of real property by altering the L.L.C.'s that owned it." The trial court characterized Appellants' actions, "[i]n its most simplistic form, [as] an attempt to do indirectly

that which they could not do directly." The trial court therefore resolved the ownership issue in favor of the Trust, finding that it is the legal owner of 76.62% of the subject property through its 100% interest in Parma GE 7400.

{¶62} Upon review of the record, we find that the trial court's decision was supported by some competent, credible evidence going to all the essential elements of the ownership dispute and, therefore, its judgment was not against the manifest weight of the evidence.

{¶63} As discussed, the issue in this case was the ownership of the property, and the statute of frauds dictates that any transfer, conveyance or assignment of real estate be in writing; there is no document in this case by which Gerston transferred the property. Further, any purported conveyance by Appellants was not done in compliance with the Operating Agreement or the loan documents.

{¶64} In light of the above, Appellants' fifth assignment of error is overruled.

{¶65} Finally, although not raised as a separate assignment of error, we address Appellants' contention that the trial court erred in adopting the Trust's proposed findings of fact and conclusions of law.

{¶66} Civ.R. 52 provides for findings of fact and conclusions of law in bench trials. The purpose of Civ.R. 52 is "'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" *In re Adoption of Gibson*, 23 Ohio St.3d 170, 172, 492 N.E.2d 146 (1986), quoting *Werden v. Crawford*, 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982).

{¶67} "In light of its purpose, while there is no precise rule regarding compliance with Civ.R. 52, the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of,

resolved disputed issues of fact and the trial court's application of the law." *New Haven Corner Carry Out, Inc. v. Clay Distrib. Co.*, 3d Dist. Seneca No. 13-01-30, 2002-Ohio-2726, ¶ 63, citing *Stone v. Davis*, 66 Ohio St.2d 74, 85, 419 N.E.2d 1094 (1981).

**{¶68}** It is not per se error for a trial court to adopt, verbatim, a party's proposed findings of fact and conclusions of law. *Chardon Park, Inc. v. Great Lakes Crushing, Ltd.*, 11th Dist. Geauga No. 2003-G-2524, 2004-Ohio-7221, ¶ 39. Error can only be found in such a case when the findings of fact and/or conclusions of law adopted by the trial court are against the manifest weight of the evidence. *Id.*

**{¶69}** The Trust's proposed findings of fact and conclusions of law were not against the manifest weight of the evidence. The parties submitted proposed findings of fact and conclusions of law, each of which obviously supported their respective positions. The trial court ruled in favor of the Trust, and after review of its proposed findings of fact and conclusions of law, adopted them as its own. There was no error in doing so.

**{¶70}** In light of the above, the trial court's judgments granting declaratory judgment in the Trust's favor and denying the appellants' motion for a new trial are affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR