[Cite as *Gerston v. Parma VTA, L.L.C.*, 2023-Ohio-1563.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

KIMBERLEE A. GERSTON, TRUSTEE,   :

      Defendant-Appellee,      :

      v.             :

PARMA VTA, LLC, ET AL.,      :

      Plaintiffs-Appellants.      :

Nos. 111629 and 111630

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  May 11, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-14-829947, CV-20-927487, and CV-20-929948

---

### *Appearances:*

Zagrans Law Firm LLC, and Eric H. Zagrans; Goldberg Legal Co., LPA, and Steven M. Goldberg; Rogers, Patrick, Westbrook & Brickman, LLC, and Karl E. Novak, *for appellee.*

Roetzel & Andress, LPA, Mark I. Wallach, and Lauren M. Smith; Law Offices of Craig Weintraub and Craig Weintraub, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Parma VTA, LLC ("Parma VTA") appeals the decision of the

Cuyahoga County Court of Common Pleas denying its motion to confirm arbitration

awards and granting appellee Parma GE 7400's motion to vacate the arbitration awards. After a thorough review of the applicable law and facts, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} This matter has been pending since 2014 and has been before this court on two separate occasions, to wit: *Gerston v. Parma VTA, L.L.C.,* 8th Dist. Cuyahoga No. 105572, 2018-Ohio-2185 ("*Gerston I*"), and *Gerston v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 108823, 2020-Ohio-3455 ("*Gerston II*"). In *Gerston II*, we set forth the following substantive and procedural history:

> This [is] a complex civil case that was initiated in 2014 by plaintiff-appellee Kimberlee Gerston ("Kimberlee"), Trustee of the Gerston Family Trust ("the Trust"), against the above-named defendants, as well as appellee Parma GE 7400. As will be discussed below, Parma GE 7400 eventually became a plaintiff in this litigation.
>
> The Trust was formed in 2002 under California laws by husband Kenneth Gerston ("Gerston") and wife Kimberlee. Each was designated as the primary trustee, and in the event of the death of one of them, the survivor was to continue to act as the primary trustee. Gerston died in 2010, and, thereafter, Kimberlee assumed the role of primary trustee.
>
> Prior to Gerston's death, he and [Allan] Robbins had been negotiating the purchase of the centerpiece of this litigation — commercial property located at 7400 Broadview Road, Parma, Ohio. Gerston and Robbins formed companies for the sole purpose of effectuating the sale; Gerston's company was Parma GE 7400 and Robbins's company was Parma VTA. Robbins and Gerston entered into a Tenants-in-Common Agreement ("TIC Agreement"), which set forth the terms of the administration of the property and the nature of the parties' relationship. Under the TIC Agreement, Parma GE 7400 was the majority interest owner of the property. Further, under the TIC Agreement "[a]ny controversy arising out of or related to this

Agreement or the breach thereof or an investment in the interests shall be settled by arbitration in Cuyahoga County * * *."

After Gerston's death, ownership of Parma GE 7400 became an issue and Kimberlee filed this action. In Count 1 of her complaint, Kimberlee sought a declaratory judgment declaring the Trust to be the owner of Parma GE 7400. At the defendants' behest, the declaratory judgment portion of the case was bifurcated from the rest of the case and was tried in a bench trial; the defendants did not mention the possibility of arbitration. Their motion requested that the "issue of who the owner of [Parma GE 7400] be decided first, and all claims flowing from that determination — whether Plaintiff's or Defendants' — be bifurcated and tried separately."

At the conclusion of the bench trial on the declaratory judgment portion of the case, the trial court found that the Trust was the majority legal owner of Parma GE 7400. In June 2018, this court affirmed that ruling. *Gerston v. Parma VTA, L.L.C.,* 8th Dist. Cuyahoga No. 105572, 2018-Ohio-2185. More details about the facts of this case are set forth in that opinion.

On remand to the trial court, because of this court's ruling, Parma GE 7400 transitioned from status as a defendant to joining Kimberlee as a plaintiff, and on March 8, 2019, the plaintiffs (Kimberlee and Parma GE 7400) filed a supplemental complaint. On April 11, 2019, the defendants-appellants filed an answer, along with counterclaims, to the supplemental complaint. The answer asserted numerous affirmative defenses, one of them being that some of the counts of the supplemental complaint were subject to arbitration under the TIC Agreement; it was the first time in the five years of litigation that the defendants mentioned the arbitration provision.

On that same date, April 11, the defendants also filed the motion for partial stay of proceedings, which is the subject of this appeal. In the motion, the defendants contended that "Plaintiffs' Supplemental Complaint, with the participation of newly-realigned Plaintiff Parma GE 7400, has asserted claims which are clearly subject to the mandatory arbitration provision contained in the [TIC Agreement] between Plaintiff Parma GE 7400 L.L.C. and Defendant Parma VTA L.L.C." Although not directly at issue in this appeal, for full context it is important to note that on April 5, 2019, the defendants filed a motion to compel arbitration on another matter — a "cash call" that allegedly

occurred between two of the parties — but the defendants withdrew the motion to compel on April 17, 2019.

The plaintiffs filed one brief in opposition to both of the above-mentioned motions — the subject motion for partial stay of proceedings and the April 5 motion to compel arbitration on the alleged "cash call" issue. The substance of the plaintiffs' opposition only went to the "cash call" matter, however. The trial court summarily denied the defendants' motion for partial stay of proceedings without explanation. The defendants have raised the following sole assignment of error for our review: "The Trial Court erred in denying Defendants' Motion for Partial Stay of Proceedings pending arbitration of five claims set forth in Plaintiffs' Supplemental Complaint."

*Id.* at ¶ 3-10.

{¶ 3} The *Gerston II* Court affirmed the judgment of the trial court, stating as follows:

In the instant case, five years elapsed before the defendants even mentioned arbitration. It is true that Parma GE 7400 realigned, but it was always a party in the case and the TIC Agreement was always at issue. At the very least, the defendants could have reserved their right to arbitrate. On this record, under the totality of the circumstances, the trial court did not abuse its discretion by denying the defendants' motion for partial stay of proceedings. Even if we reviewed under the less deferential de novo standard, we would find no error.

*Id.* at ¶ 30.

{¶ 4} In May 2019, while *Gerston II* was pending, Parma VTA served a demand for arbitration against Parma GE 7400 regarding Parma VTA's attempt to force Parma GE 7400 to contribute funds to partially repay a loan from Ladder Capital on the property at issue pursuant to a cash call ("Cash Call Issue"). Parma VTA also filed a motion in the trial court asking the court to compel arbitration on the Cash Call Issue but later withdrew its motion.

{¶ 5} Parma GE 7400 disputed the arbitrator's jurisdiction to hear the matter, asserting that Parma VTA had waived its right to arbitrate the dispute after participating in litigation for over five years. Parma GE 7400 participated in the arbitration "under protest" and continued to dispute the arbitrator's jurisdiction.

{¶ 6} The arbitrator determined that it did, in fact, have jurisdiction over the matter, found in favor of Parma VTA, and ordered Parma GE 7400 to repay 77 percent of Parma VTA's loan with Ladder Capital. Parma VTA then filed an application to confirm the award, and Parma GE 7400 moved to vacate the award, arguing (1) Parma VTA waived arbitration by litigating the parties' ownership and related financial disputes in state court for five years; (2) the arbitrator's award ignores the express and unambiguous terms of the TIC Agreement; and (3) Parma GE 7400 did not agree to help Parma VTA pay its loan with Ladder Capital.

{¶ 7} Parma VTA further sought a supplemental award of attorney fees and costs from the arbitrator, which was granted. Parma VTA filed an application to confirm this award, and Parma GE 7400 again moved to vacate the award, arguing (1) the supplemental award exceeded the arbitrator's powers because the merits award terminated his jurisdiction; and (2) the merits award was defective for the reasons set forth in the original motion to vacate.

{¶ 8} The trial court denied the applications to confirm the awards and granted the motions to vacate, holding:

> The court finds that Parma VTA waived the right to arbitrate. Specifically, Parma VTA acted inconsistent with the right to arbitrate by actively participating in five years of litigation within this court

related to the ownership, operation, and financial obligations of the property at issue.

While it is true that an arbitration provision is contained in the TIC agreement at issue, Ohio law recognizes that "arbitration is a matter of contract and, like any other contractual provision, can be enforced unless the parties waive that right. A party may explicitly waive its right to arbitration, or may implicitly waive its right by failing to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right, resulting in prejudice to the opposing party." *Bass Energy Inc. v. City of Highland Hts.*, 193 Ohio App.3d 725, 2010-Ohio-2102, 954 N.E.2d 130, 33 (8th Dist.).

A totality of the circumstances test is used to determine whether a party has waived its right to arbitrate disputes. The relevant factors for consideration include: (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the nonmoving party due to the moving party's prior inconsistent actions. *Neel v. A. Perrino Constr., Inc.*, 2018-Ohio-1826, 113 N.E.3d 70, 34 (8th Dist.).

In April 2019, Parma VTA raised arbitration as an affirmative defense to Parma GE 7400's supplemental complaint. It was the first time in five years of litigation that an arbitration provision was mentioned. Parma VTA argues that the arbitration provision was not triggered until Parma GE 7400 was realigned to be in an adversarial position with Parma VTA. Notwithstanding realignment, the issue of arbitration could certainly have been raised and addressed prior to 2019. The TIC agreement and its arbitration provision was always at issue in this matter.

Lastly, the court acknowledges that there is a strong public policy that favors the use of arbitration to resolve disputes, and that "waiver is not to be lightly inferred." *Harsco Corp. v. Crane-Carrier Co.*, 122 Ohio App.2d 406, 414, 701 N.E.2d 1040 (3d Dist.1997). However, consistent with the Court of Appeals decision, this court agrees that Parma VTA's

actions throughout this litigation have been completely inconsistent with any reliance on the right to arbitrate.

In conclusion, the court finds that by engaging in extensive litigation of this matter, Parma VTA has acted in a manner inconsistent with the right to seek arbitration and, therefore waived that right. Accordingly, the arbitrator lacked jurisdiction to adjudicate the parties' disputes and the arbitration awards are therefore vacated.

{¶ 9} Parma VTA then filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred as a matter of law in vacating the arbitration awards under R.C. 2711.10(D) on the basis that Parma VTA, LLC supposedly waived its right to initiate the contractual arbitration process.

2. The determination of whether Parma VTA, LLC waived its ability to arbitrate the cash call dispute is a procedural question that was properly before the arbitrator and the trial court was without jurisdiction or authority to overrule the arbitrator's decision that Parma VTA, LLC had not waived its right to arbitrate the dispute.

## II. Law and Analysis

{¶ 10} The trial court vacated the arbitration awards on the basis that Parma VTA waived its right to arbitration by participating in litigation for over five years. Parma VTA argues that this was error because the Cash Call Issue was not before the trial court, and Parma GE 7400 participated in the arbitration. It asserts that the litigation that was the subject of *Gerston II* and the Cash Call Issue are separate and have no bearing on each other.

{¶ 11} Parma GE 7400 argues that our review of whether a party waived its right to arbitration is subject to an abuse-of-discretion standard, which was the standard used in *Gerston II*. As this court has noted, "[t]he question of waiver is

usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of abuse of discretion." *Vining v. Logan Clutch Corp.*, 8th Dist. Cuyahoga No. 108563, 2020-Ohio-675, ¶ 10, citing *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 10 (9th Dist.); *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596 (Feb. 17, 1994).

{¶ 12} However, while the question of waiver is at the core of our analysis, the issue being reviewed in this case is whether the trial court erred in granting the motion to vacate arbitration awards. The Supreme Court of Ohio has held that "when reviewing a decision of a common pleas court confirming, modifying, vacating, or correcting an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 26.

{¶ 13} The trial court determined that the awards should be vacated because the arbitrator lacked jurisdiction to arbitrate the parties' dispute. R.C. 2711.10 states in part that the court shall vacate an arbitration award "upon the application of any party * * * if: * * * (D) [t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Whether an arbitrator has exceeded his or her powers is a question of law, which is reviewed de novo. *Cleveland v. Cleveland Police*

*Patrolmen's Assn.*, 2022-Ohio-4284, 202 N.E.3d 787, ¶ 18 (8th Dist.), citing *Portage* at ¶ 25. Accordingly, we will apply a de novo review in this matter.

{¶ 14} Parma VTA asserts that the Cash Call Issue did not even arise until 2019, five years after the original suit was initiated and that there is no relationship between the original suit and the Cash Call Issue. Parma VTA maintains that its participation in litigation that occurred prior to, and did not involve, the Cash Call Issue could not have waived its right to arbitrate the subsequent separate issue.

{¶ 15} Parma GE 7400 argues that Parma VTA engaged in five years of litigation regarding the parties' respective financial obligations stemming from ownership of the property at issue and that the Cash Call Issue falls under that umbrella. However, in Parma GE 7400's brief in opposition to Parma VTA's motion to compel arbitration,[1] it argued that the issues that Parma VTA sought "to have referred to arbitration are not even issues before the [c]ourt in this lawsuit." The brief sets forth the two issues that were before the court at that time — the ownership of Parma GE 7400 and the damages sustained by Parma GE 7400 — and acknowledged that "the issue defendants have just raised in their motions to compel and to stay — for the first time ever in this lawsuit — *has no connection with these two issues before the [c]ourt*." (Emphasis added.) Parma GE 7400 additionally cited R.C. 2711.02(B), asserting that the matter could not be stayed because the Cash Call Issue was not "an issue referable to arbitration" and argued that "the [c]ourt

---

[1] The motion to compel arbitration was later withdrawn.

lacks jurisdiction to stay an action and compel arbitration on a newly-raised issue pursuant to an arbitration clause in a contract that, by [Parma VTA]'s own admission, is not before the [c]ourt."

{¶ 16} Parma GE 7400 appears to have taken a different tack now and argues that any financial disputes related to the ownership of the property at issue must be arbitrated. It contends that Parma VTA's "extensive" participation in the litigation below precludes it from arbitrating any other issue stemming from the parties' respective financial obligations.

{¶ 17} We are not persuaded by Parma GE 7400's argument. While Parma VTA was previously determined to have waived its right to arbitration by litigating the issues between the parties, the difference here, as recognized by this Court in *Gerston II*, is that with the prior issues, "five years elapsed before [Parma VTA] even mentioned arbitration." In the instant matter, the Cash Call Issue arose in March 2019, and Parma VTA sought arbitration soon thereafter. It did not adjudicate the Cash Call Issue through litigation.

{¶ 18} Parma GE 7400 seems to contend that Parma VTA has essentially waived arbitration of *any* future financial issue between the parties. This argument lacks merit. Parma VTA could not waive arbitration of an issue that had not even occurred yet. While the Cash Call Issue may also pertain to the parties' respective financial obligations, we are not inclined to hold that Parma VTA waived arbitration of this new issue simply because it litigated prior issues that may be tangentially related. Parma VTA's actions in litigating the prior disputes do not act as a blanket

waiver for all other disputes between the parties, including ones that had not occurred at the time the other issues were being litigated.

{¶ 19} This court, too, noted that the Cash Call Issue was separate from the motion for partial stay of proceedings that was the subject of *Gerston II*. "Although not directly at issue in this appeal, for full context it is important to note that on April 5, 2019, the defendants filed a motion to compel arbitration on another matter — a 'cash call' that allegedly occurred between two of the parties — but the defendants withdrew the motion to compel on April 17, 2019." *Id.* at ¶ 9.

{¶ 20} We find that Parma VTA did not waive its right to arbitration of the Cash Call Issue. As acknowledged by Parma GE 7400 in its brief opposing Parma VTA's (later withdrawn) motion to compel arbitration, the Cash Call Issue only arose in 2019 and was separate from any of the disputes that were pending before the trial court. Thus, the court's findings that Parma VTA waived its right to arbitrate by litigating matters that were not related to the Cash Call Issue, and therefore that the arbitrator lacked jurisdiction to arbitrate the Cash Call Issue, were erroneous.

{¶ 21} We note that Parma GE 7400 presented alternative arguments for affirmance of vacating the arbitration awards; however, we make no determination as to these. It is clear that the trial court did not analyze these issues, and we cannot consider them in the first instance.

{¶ 22} Accordingly, we find that the trial court erred in vacating the arbitration awards based on its erroneous determination that Parma VTA waived its right to arbitrate the Cash Call Issue. Parma VTA's sole assignment of error is

sustained. However, this determination does not mandate reinstatement and confirmation of the arbitration awards. Rather, upon remand, the court is instructed to consider the additional arguments in Parma GE 7400's motions to vacate the arbitration awards as well as Parma VTA's applications for confirmation of the arbitration awards.

{¶ 23} Our resolution of the first assignment of error renders the second assignment of error moot.

### III. Conclusion

{¶ 24} The trial court erred in vacating the arbitration awards based upon its erroneous determination that Parma VTA had waived its right to arbitrate the Cash Call Issue. That issue arose later and had not been litigated at any time. Thus, Parma VTA's litigation of other issues between the parties had no bearing on whether it was entitled to arbitrate the Cash Call Issue. Parma VTA's first assignment of error is sustained; the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR